**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Grant Albee**,<br><br>          Plaintiff,<br><br>vs.<br><br>**A Thru Z Consulting & Distributing, Inc.**, an Arizona corporation, and **Sean Stoddard and Jane Doe Stoddard**, a married couple,<br><br>          Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Grant Albee ("Plaintiff" or "Grant Albee"), sues the Defendants, A Thru Z Consulting & Distributing, Inc., and Sean Stoddard and Jane Doe Stoddard (collectively, "Defendants" or "A Thru Z Consulting |& Distributing") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article

7.

2.     The FLSA was enacted "to protect all covered workers from substandard

wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

minimum wage of pay for all time spent working during their regular 40-hour

workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-

exempt employees an overtime ate of pay for all time spent working in excess of 40 hours

in a given workweek.  See 29 U.S.C. § 207(a).

3.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within

the State of Arizona.

4.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage

payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of

the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant A Thru Z Consulting & Distributing, Inc. is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant A Thru Z Consulting & Distributing, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9.     At all relevant times, Defendant A Thru Z Consulting & Distributing, Inc. owned and operated as "A Thru Z Consulting & Distributing," a company that designs, fabricates, installs, and repairs zoo enclosures doing business in Pima County, Arizona.

10.     Under the FLSA, Defendant A Thru Z Consulting & Distributing, Inc. is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant A Thru Z Consulting & Distributing, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of

1   Defendants in relation to A Thru Z Consulting & Distributing's employees, Defendant A

2   Thru Z Consulting & Distributing, Inc. is subject to liability under the FLSA.

3       11.   On information and belief, Defendants Sean Stoddard and Jane Doe

4   Stoddard are, upon information and belief, husband and wife.  On information and belief,

5   they have caused events to take place giving rise to the claims in this Complaint as to

6   which their marital community is fully liable.  On information and belief, Sean Stoddard

7   and Jane Doe Stoddard are owners of A Thru Z Consulting & Distributing, Inc. and were

8   at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

9

10

11      12.   On information and belief, under the FLSA, Defendants Sean Stoddard and

12  Jane Doe Stoddard are employers.  The FLSA defines "employer" as any person who acts

13  directly or indirectly in the interest of an employer in relation to an employee.  On

14  information and belief, at all relevant times, Defendants Sean Stoddard and Jane Doe

15  Stoddard had the authority to hire and fire employees, supervised and controlled work

16  schedules or the conditions of employment, determined the rate and method of payment,

17  and maintained employment records in connection with Plaintiff's employment with

18  Defendants.  On information and belief, as persons who acted in the interest of

19  Defendants in relation to A Thru Z Consulting & Distributing's employees, Defendants

20  Sean Stoddard and Jane Doe Stoddard are subject to individual liability under the FLSA.

21

22

23      13.   Plaintiff is further informed, believes, and therefore alleges that each of the

24  Defendants herein gave consent to, ratified, and authorized the acts of all other

25  Defendants, as alleged herein.

26

27

-4-

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as A Thru Z Consulting & Distributing, an enterprise doing business in Pima County, Arizona.

28.     Plaintiff was hired by and began working for Defendants on approximately November 14, 2022.

29.     At all relevant times, Plaintiff worked for Defendants for approximately five months and left on approximately January 23, 2023.

30.     At all relevant times, in his work for Defendants, Plaintiff worked as a project manager for Defendants.

31.     Defendants, in their sole discretion, paid Plaintiff approximately $60,000 annually.

32.     Plaintiff worked each of his final two workweeks for Defendants.

33.     Defendants never paid Plaintiff any wage whatsoever for the final two workweeks of his employment with them.

34.     On information and belief, Defendants declined to pay Plaintiff any wages whatsoever for such work because he allegedly did not return property of Defendants and allegedly caused damage to certain equipment of Defendants.

35.     Defendants classified Plaintiff as W-2 employee.

36.     Accordingly, Defendants declined to pay Plaintiff for the work he performed in his final two workweeks with them.

37.     Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

38.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

39.     As a result of not having paid any wage whatsoever to Plaintiff during his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

40.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

41.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

42.     At all relevant times – i.e., the final two workweeks of his employment with Defendants, Plaintiff was a non-exempt employee.

43.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

44.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

45.     Plaintiff is a covered employee within the meaning of the FLSA.

46.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

48.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

49.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

52.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

53.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Albee, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## <u>COUNT TWO: ARIZONA MINIMUM WAGE ACT</u><br><u>FAILURE TO PAY MINIMUM WAGE</u>

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

56.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

57.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Grant Albee, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**A THRU Z CONSULTING & DISTRIBUTING, INC. ONLY**

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     As a result of the allegations contained herein, Defendant A Thru Z Consulting & Distributing, Inc. did not compensate Plaintiff wages due and owing to him.

60.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

61.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendant A Thru Z Consulting & Distributing, Inc.

62.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Grant Albee, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendant A Thru Z Consulting & Distributing, Inc. violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.      For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

-11-

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of February, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **<u>VERIFICATION</u>**

1

2      Plaintiff, Grant Albee, declares under penalty of perjury that he has read the

3   foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4   asserted therein are true and based on his personal knowledge, except as to those matters

5   stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8                                                     _____
                                                      Grant Albee (Feb 11, 2023 13:47 MST)

9                                                     Grant Albee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27